HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM L GREEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | CASE NO. C18-5804 RBL<br><br>ORDER |

THIS MATTER is before the Court on the following motions: Defendant United States' Motion to Dismiss for lack of subject matter jurisdiction [Dkt. # 9]; Plaintiff Green's Cross Motion for Summary Judgment [Dkt. # 13]; and Green's Amended Motion for Summary Judgment [Dkt. # 18]. The case is a companion to *Green v. Dinucci*, Cause No. 18-cv-5800RBL. The parties filed substantially similar motions in *Green v. Dinucci*, and this Court's Order granting the defendants' motion to dismiss there is incorporated here.

The United States argues that because all of the medical care Green received (and allegedly did not receive) was incident to his military service as a matter of law, his claims for negligence are barred by the *Feres* Doctrine. *See Feres v. United States*, 340 U.S. 135, 146 (1950). It claims it has not waived its sovereign immunity for such claims and that the Court

ORDER - 1

does not have subject matter jurisdiction over them. *See Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (A *Feres* doctrine motion to dismiss is properly treated as one for lack of subject matter jurisdiction under Rule 12(b)(1)).

Green's Response and his own Motions rely on his claim that he was off-duty and off-base when the negligence occurred. But it is clear that negligence and medical malpractice claims are "incident to service" (even if the plaintiff suffered some of his claimed damage off duty), as a matter of law. *See Daniel v. United States,* 889 F.3d 978 (9th Cir. 2018); *Jackson v. United States*, 110 F.3d 1484 (9th Cir. 1997) ("*Feres* bars suits for medical malpractice even when the treatment was not for military-related injuries."). The United States correctly argues that "all of the actions about which plaintiff complains occurred during and because of his active duty military employment, and are barred by the *Feres* doctrine." *Citing Hodge v. Dalton*, 107 F.3d 705, 710 (9th Cir. 1997).

The United States' Motion to Dismiss is GRANTED. Green's Own Motions are DENIED. The case is DISMISSED.

IT IS SO ORDERED.

Dated this 25th day of February, 2019.

_____
Ronald B. Leighton
United States District Judge